UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:22-CR-106-TAV-JEM-1 |
| COREY J. DAVIS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's Unopposed Motion to Continue [Doc. 56].[1] In its March 8, 2024, order, granting a limited continuance of the trial to May 14, 2024, the Court set forth the background of this case, particularly as it relates to extensions and continuances requested by defense counsel, Mohammed Nasser [*See* Doc. 53]. Attorney Nasser has represented defendant with relation to the instant criminal conduct since April 26, 2022 [Case No. 3:22-cr-11, Doc. 19].[2]

The parties have been cautioned on at least three occasions that the Court was unlikely to grant further extensions of the trial date in this matter [*See* Case No. 3:22-cr-11, Doc. 273, p. 2 ("**absent extraordinary circumstances, it will grant no further extensions or continuances in this case. Unexplained delays in contacting opposing counsel or the defendant will not be deemed 'extraordinary circumstances.'**"

---

[1] Unless otherwise noted, all citations refer to the instant criminal case, Case Number 3:22-cr-106.

[2] The charges in Case Number 3:22-cr-11 were ultimately dismissed, but defendant was indicted in the instant case for the same conduct.

(emphasis in original)); *Id.*, Doc. 281 ("[t]his being the sixth time the Court has granted defendant a continuance of his trial date, the Court will not likely grant any further continuances"); Doc. 56 ("*The trial of this matter will not be continued again absent extraordinary circumstances*." (emphasis in original))].

Most recently, on March 1, 2024, Attorney Nasser moved, for the eleventh time, for a trial continuance, this time arguing that the trial date of April 5, 2024, conflicted with a trial in the District of Hawaii in which he represented the defendant, set for trial on April 8, 2024, and expected to last three to four weeks [Doc. 51]. The Court granted a limited continuance, to the current trial date of May 14, 2024, to permit Attorney Nasser to conclude the District of Hawaii case, given that such case had been pending since 2021, and the District of Hawaii had denied Attorney Nasser's requests for further continuances [Doc. 53, p. 4]. However, the Court noted that this defendant has been facing charges related to the same conspiracy for over two years and has remained in custody during this time [*Id.*]. The Court also found that Attorney Nasser had been given ample time to discuss a potential plea agreement and prepare for trial in this case [*Id.* at 4–5]. Moreover, "[t]o ensure that the trial remains on schedule," the Court ordered Attorney Nasser to file a status report with the Court no later than Monday, April 29, 2024, advising the Court of the progress of the trial in the District of Hawaii [*Id.* at 5].

While Attorney Nasser's April 29, 2024, status report deadline has not yet passed, the Court now notes that *no trial occurred in the District of Hawaii*. Instead, it appears that Attorney Nasser contacted that court on Sunday, April 7, 2024, the day before the

2

scheduled trial, and advised that his client would like to enter a guilty plea, which ultimately occurred on April 8, 2024 [*See* Dist. of Haw., Case No. 1:21-cr-101, Docs. 440, 441]. Accordingly, Attorney Nasser has an additional three to four weeks of time, which he purportedly planned to spend in trial in Hawaii, to prepare for the instant case.

In the instant motion, which is Attorney Nasser's **twelfth** request for a continuance, he states that a 60-day continuance is needed because Attorney Edward Martell, who is "assisting Attorney Mohammed Nasser," is handling the funeral of his father, scheduled for April 18, 2024, and the soon-to-be-scheduled funeral of his grandmother, who passed away on April 12, 2024 [Doc. 56]. Attorney Nasser represents that he "will be handling Attorney Martell's scheduling in part."

But the Court finds that these grounds are far from the "extraordinary circumstances" necessary for another continuance at this point in this case. Notably, Attorney Martell is not counsel of record in this case, is not admitted to practice in this district, and has not filed a motion to appear *pro hac vice*. Therefore, it is unclear how Attorney Martell's availability would directly impact this trial. To the extent that Attorney Martell would seek to join as co-counsel in this case, the Court notes that joining co-counsel at this late date would also not constitute an "extraordinary circumstance," nor would Attorney Martell's personal affairs, the dates of which do not conflict with the current trial date. Furthermore, to the extent that Attorney Nasser relies on his need to cover matters for Attorney Martell while he attends to his personal affairs, this Court, much like the District of Hawaii, finds that it is time that Attorney Nasser "*finally* make this case a

3

priority on his calendar" [*See* Dist. of Haw., Case No. 1:21-cr-101, Doc. 397 (emphasis in original)].

Accordingly, defendant's motion to continue [Doc. 56] is **DENIED**. This case will remain set for trial on Tuesday, May 14, 2024. Additionally, a final pretrial conference is **SET** for Monday, May 6, 2024, at 2:00 p.m. in Knoxville. All counsel of record are required to attend this final pretrial conference in person. Finally, the Court notes that Attorney Nasser's motion [Doc. 56] contains new contact information that has not been updated in the Court's Electronic Case Filing system. Attorney Nasser is hereby **ORDERED** to update his information in the Court's Electronic Case Filing system no later than Monday, April 22, 2024, at 5:00 p.m. Eastern Standard Time.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
